

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2005

# Florida-Kaclik v. SSPC

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Florida-Kaclik v. SSPC" (2005). *2005 Decisions.* Paper 1571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-2293

_____

GERALDINE FLORIDA-KACLIK,

Appellant

v.

SSPC: SOCIETY FOR PROTECTIVE
COATINGS; WILLIAM L. SHOUP, EXECUTIVE
DIRECTOR; TERRY SOWERS, MARKETING
DIRECTOR; BARBARA FISHER, CONTROLLER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-00543)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2004

Before: RENDELL and FISHER, Circuit Judges and YOHN*, District Judge

(Filed January 7, 2005)

_____

* Hon. William H. Yohn, Senior Judge of the United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Geraldine Florida-Kaclik ("Kaclik") appeals the order of the District Court for the Western District of Pennsylvania dismissing her lawsuit for failure to state a claim upon which relief can be granted and further denying her leave to amend her complaint. We will affirm.

## I. Factual and Procedural Background

As we write only for the parties, we include only such factual and procedural events as are necessary to our decision. On April 12, 1999, Appellant Kaclik began her employment with Appellee Society for Protective Coatings ("SSPC") as a marketing specialist in sponsorship development. On October 4, 1999, Kaclik claims she was exposed to hazardous chemicals from painting being done in the building housing SSPC's offices. She immediately visited a doctor, who diagnosed her respiratory condition as "asthma secondary to fumes."

From November 15, 1999, through January 3, 2000, Appellant was unable to work because of this respiratory condition. On December 13, 1999, Terry Sowers, SSPC's Director of Marketing wrote to Kaclik, advising her that if she did not return to work full-time, her employment would be terminated. Kaclik returned to work part-time in early January. On January 27, 2000, Sowers again wrote to Kaclik, informing her that if she did not return to work full-time her employment would be terminated. Sowers also informed Kaclik that her performance evaluations would be postponed and that she could face immediate termination if she were absent again during the 3-month period following her return to work.

On March 1, 2000, Kaclik returned to work full-time, but on March 3 she became ill from the fumes from cleaning products in the building. She was again made ill at work on March 15, 2000 and March 16, 2000 by welding smoke in the building. SSPC's Executive Director, William Shoup, publicly ridiculed Kaclik, claiming that all she smelled was overcooked food in the office microwave. Kaclik left work early on March 16 and did not report to work on March 17. Kaclik's employment was terminated on March 20, 2000. Kaclik then applied for unemployment benefits, which she received until July 2000. In August 2000, she re-filed a workers compensation claim based on the injury that occurred on October 4, 1999; however, Kaclik experienced repeated instances of delay due to SSPC's provision of incorrect information to the Worker's Compensation Board.

Kaclik filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on November 6, 2001. On January 28, 2002, the EEOC dismissed her charge of discrimination because she had failed to state a claim under any of the statutes enforced by the EEOC and because her charge was not timely filed.

On March 20, 2002, Kaclik, acting *pro se*, filed a complaint in the District Court for the Western District of Pennsylvania. Kaclik alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq*., The Occupational Safety and Health Act, 29 U.S.C. § 654, the Norris-LaGuardia Act, 29 U.S.C. § 106 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, *et seq*. Kaclik also alleged violations of Pennsylvania state law. SSPC filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion was granted by the District Court and Kaclik now appeals the dismissal of her claims pursuant to the ADA and the FLSA and her related state tort actions for wrongful discharge and personal injury. Kaclik also appeals the District Court's denial of her request to amend her complaint.

## II. Jurisdiction and Standard of Review

The District Court had federal question jurisdiction over this case under 28 U.S.C. § 1331, based upon Kaclik's claims pursuant to the various federal statutes listed above. The District Court had supplemental jurisdiction over her state claims pursuant to 28 U.S.C. § 1367. We exercise jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291. Our review over the District Court's grant of a Motion to Dismiss for failure to state a claim upon which relief can be granted is plenary. Emerson v. Thiel College, 296 F.3d 184, 188 (3d Cir. 2002). We review the District Court's refusal to grant leave to amend a complaint due to futility for abuse of discretion. In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 281 (3d Cir. 2004).

## III. Discussion

The District Court dismissed Kaclik's claims of disability discrimination and retaliation in violation of the ADA because she had not exhausted her administrative remedies, as is required to bring suit under the ADA. Under the provisions of the ADA, in a "deferral" state such as Pennsylvania, an employee must file a charge of discrimination with the EEOC within 300 days of the occurrence of the alleged unlawful practice. 29 U.S.C. § 626(d)(2); see Bailey v. United Airlines, 279 F.3d 194, 197 (3d Cir. 2001). Kaclik failed to do so and thus she was time-barred from bringing this claim.

The District Court also found that Kaclik could not state a legally cognizable claim for

retaliation under the FLSA because she had not alleged that she was involved in any FLSA proceeding or engaged in any other activity protected by the FLSA. Kaclik had only alleged that she was being retaliated against for her complaints about potential unethical business practices within SSPC and the fumes to which she had been exposed. The District Court was correct to find that neither of these allegations involved "protected activities" under the FLSA.

Finally, the District Court denied Kaclik leave to amend her Complaint to add additional allegations under the ADA, Title VII or OSHA because the ADA and Title VII actions were barred by her failure to exhaust her administrative remedies and she lacked standing to bring an OSHA claim. The District Court did not abuse its discretion in so deciding. Furthermore, during the pendency of this appeal, we requested additional information from Kaclik about the precise nature of her proposed amendments. In response to our request, Kaclik focused exclusively on a potential claim under the FLSA. While we recognize that Federal Rule of Civil Procedure 15 calls for the granting of leave to amend a Complaint "when justice so requires," we find that Kaclik's failure to assert a proposed amendment of her Complaint to encompass an FLSA claim before the District Court, combined with the extremely tenuous nature of her proposed amendment, compels the conclusion that the District Court did not abuse its discretion in denying her leave to amend her Complaint.

In light of the foregoing, we will AFFIRM the order of the District Court.